IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

B.E., a minor, and JENNA EWING

Plaintiffs,

v.

A.W., a minor, and
ROCKFORD CHRISTIAN SCHOOLS

Defendants.

Case No.: 3:24-cv-50016

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, B.E., a minor, by and through her next friend, her natural parent Jenna Ewing, and Plaintiff JENNA EWING complaining of Defendants A.W., a minor, by and through his next friend, Zil Huma and John Wisch and ROCKFORD CHRISTIAN SCHOOLS for violations of 42 U.S.C. § 1981, Titles VI and IX of the Civil Rights Act of 1964, as amended, for race and gender discrimination, and state supplemental law claims for breach of the Illinois Gender Violence Act, breach of contract, breach of the duty of good faith and fair dealing.  In support of her claims, Plaintiff states as follows:

### INTRODUCTION

1. This matter is brought on behalf of Plaintiffs Jenna Ewing and B.E., through her mother and next friend, Jenna Ewing. Ms. Ewing enrolled her daughter at Defendant RCS in order to provide a safe and ethical learning environment for B.E. based on Christian values.  Sadly, B.E. began experiencing racialized bullying from the very start of her time at RCS.  This includes several incidents involving physical attacks by Defendant A.W. in

1

which A.W. also used racial epithets, including the N-word. When B.E. and Ms. Ewing reported the behavior, RCS did not take reasonable steps to prevent the behavior or protect B.E. Rather, RCS' response encouraged A.W. to continue his racially-motivated harassment and also expand his harassment to include gender-based harassment. Following an incident wherein A.W. harassed B.E. and threw a banana at B.E., Ms. Ewing disenrolled B.E. from RCS.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, as amended, for race discrimination, and under Titles VI and IX of The Civil Rights Act of 1964, as amended, for race and gender discrimination in an educational institution receiving federal funding. This Court has supplemental jurisdiction over the state claims brought by Plaintiff under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## THE PARTIES

4. Plaintiff B.E. is a minor. From approximately August 2022 until January 2023, B.E. attended Defendant Rockford Christian Schools ("RCS"). Jenna Ewing is B.E's mother and next friend.

5. Plaintiff Jenna Ewing is the natural mother of B.E. Ms. Ewing contracted Defendant RCS to provide educational services to B.E.

6. Defendant A.W. is a minor. During the time B.E. attended Defendant RCS, A.W. was also a student attending the same school. Zil Huma and John Wisch are A.W's parents and next friend.

7. Defendant Rockford Christian School ("RCS") is a private, nondenominational Christian school that provides education services from grades pre-K through 12. At all times relevant, B.E. and A.W. attended RCS' Upper School for grades 5-8.

**Facts**

8. B.E. is African-American.

9. B.E. is female.

10. B.E. began attending Defendant RCS in August of 2022.

11. From the start of her time at RCS, B.E. experienced racialized bullying against her by other students.

12. On or about August 21, 2022, B.E. was harassed by Defendant A.W., who, while playing a game of football began repeatedly using racial slurs towards and around B.E, including the N-word.

13. During this interaction, B.E. told A.W. not to use racial slurs towards and around her. A.W. insisted he would use any word he wanted, including racial slurs. At this point, B.E. left.

14. The next day, B.E. ran into A.W. in the hallway of the school.

15. A.W. acted in a hostile and intimidating manner toward B.E., such that she feared harassment or attack. Because she was uncomfortable around A.W., B.E. complained to the school administration about A.W.'s harassment and use of racial slurs toward and around her.

16. Principal Amycarol Bedows told Ms. Ewing that she would punish A.W. for his use of racial slurs towards B.E.

17. Upon information and belief, A.W. was not disciplined for his behavior, even after it was reported to RCS' administration.

18. If A.W. was disciplined, the discipline did not deter him from continuing his conduct.

19. Upon information and belief, A.W. has harassed other female students at RCS in the past.

20. Following her complaint to Principal Bedows, the attacks increased and A.W. and his friends repeatedly called B.E. a "snitch" and a "bitch", in addition to the racial insults.

21. On several occasions, A.W. and his friends followed B.E. around and taunted her with derogatory statements regarding her race and gender.

22. A.W. and his friends continued to harass B.E. whenever they saw her.

23. On September 5, 2022, during a high school football game on campus, A.W. was harassing B.E. for complaining about his racist speech, called B.E. a "bitch" and slapped B.E. across the face.

24. Several individuals were present when A.W. slapped B.E. across the face.

25. B.E. defended herself by slapping A.W. back.

26. B.E. then tried to back up and create physical distance between her and A.W., while A.W. was advancing towards B.E. while calling her a "bitch".

27. In response to this incident, RCS issued B.E. an in-school suspension (ISS).

28. Receiving the ISS further isolated B.E. as other faculty and students perceived her to be a "problem."

29. Jenna Ewing is B.E.'s mother.

30. Ms. Ewing addressed the matter with Bedows and complained A.W.'s attack may have constituted a hate crime because of the racial animus he exhibited. Ms. Ewing appealed the ISS issued to B.E.

31. Bedows held back laughter at Ms. Ewing's suggestion that A.W.'s attack constituted a hate crime.

32. RCS administrators told Ms. Ewing that they would investigate the matter.

33. RCS refused to remove the ISS from B.E.'s record.

34. RCS administrators did not inform Ms. Ewing of the outcome of their investigation. Rather, Ms. Ewing heard from others that her appeal had been denied, while RCS was representing to her that its investigation was ongoing.

35. On or about September 14, 2022, RCS sent Ms. Ewing, a letter informing her that the decision to discipline B.E. would be upheld.

36. The September 14 letter from RCS also acknowledged that the investigation, conducted by the Head of School Dr. Jahna Duda, "result[ed] in the determination that several school policies were absent from the RCS Student Handbook, including definitions around fighting, disrespectful behavior, and dangerous weapons."

37. Following this, A.W. continued to bully B.E.

38. In December of 2022, B.E. received a double demerit for using the words "Jesus Christ", which is not prohibited under the Student Handbook.

39. On December 14, 2022, Ms. Ewing reached out to Principal Bedows regarding the double demerit, raised concerns that RCS was lenient on racially motivated harassment, and renewed her request that the ISS be removed from B.E.'s record. Ms. Ewing also

referred to a video another student shared with Bedows, showing A.W. using racial epithets.

40. On or about January 17, 2023, during lunch, A.W. and his friends were following and taunting B.E. and A.W. threw a banana at her, while his friends encouraged A.W. and laughed.

41. B.E. reported the incident with the banana to Bedows after it occurred.

42. The same day, Ms. Ewing contacted Bedows to address the bullying and harassment.

43. When Ms. Ewing discussed the incident with Bedows, Bedows held back laughter and downplayed the attack by arguing the banana did not actually hit B.E.

44. Upon information and belief, RCS has a pattern of failing to protect students of color from racialized bullying.

45. RCS' disregard for B.E.'s well-being while she was bullied and harassed for her race created for B.E. different terms and conditions of the education services RCS was contractually providing.

46. These experiences severely impacted B.E. B.E had always enjoyed school prior, but these experiences diminished her desire to attend class and be around other students. They also impacted her ability to make meaningful friends.

47. B.E. experienced severe physical and emotional distress as a result of A.W.'s attacks and harassment, and her experiences at RCS.

48. Upon information and belief, RCS receives federal funding either directly from the federal government, and/or through state resources derived from federal funds.

## COUNTS

### Count I: 8 U.S.C. § 1981 as to Defendant RCS

49. Plaintiffs reallege and reassert all previously pled paragraphs as if fully stated herein.

50. Plaintiff B.E. is African American.

51. Plaintiff Jenna Ewing contracted RCS to provide educational services to B.E.

52. RCS discriminated against B.E. on the basis of her race when it subjected her to different terms and conditions of education, including but not limited to: by failing to create a safe learning environment for B.E. when RCS failed to stop and adequately punish A.W. and other students for harassing her. RCS was aware that B.E. was experiencing harassment, including physical and verbal harassment, and that this harassment was racially motivated.

53. RCS discriminated against Ms. Ewing by and through her association to B.E.

54. RCS' conduct was willful and with reckless disregard for B.E.'s rights.

55. RCS' conduct caused Plaintiffs damages, including but not limited to, actual damages, physical and emotional harm, fear for B.E.'s safety at school, B.E.'s loss of enjoyment of school and school activities, and reputational harm.

### Count II: Title VI of the Civil Rights Act as to Defendant RCS

56. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

57. B.E. is African American.

58. Upon information and belief, RCS receives federal funding either directly, or through state funds derived from federal funding.

59. RCS discriminated against B.E. on the basis of her race when it subjected her to different terms and conditions of education, including but not limited to: by failing to create a safe learning environment for B.E. when RCS failed to stop and adequately punish A.W. and

7

other students for harassing her. RCS was aware that B.E. was experiencing harassment, including physical and verbal harassment, and that this harassment was racially motivated.

60. RCS' conduct was willful and with reckless disregard for B.E.'s rights.

61. Pursuant to the Illinois Civil Rights Remedies Restoration Act, 750 ILCS 60/1 *et seq.*, B.E. is entitled to "make whole" relief under Title VI of the Civil Rights Act of 1964, *et seq.*

62. RCS' conduct caused B.E. damages, including but not limited to, actual damages, physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

### Count III: Title IX of the Civil Rights Act as to Defendant RCS

63. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

64. B.E. is female.

65. A.W. is male.

66. Upon information and belief, RCS receives federal funding either directly, or through state funds derived from federal funding.

67. A.W. committed battery upon A.W. when he physically attacked B.E., including but not limited to when he slapped her in the face.

68. A.W. used gender-related offensive statements, calling B.E. a "bitch" and "snitch" when he attacked her.

69. A.W.'s use of the terms "bitch" and "snitch" were motived by B.E.'s gender and was aimed at intimidating B.E. into not further complaining about A.W.'s harassment.

70. A.W.'s physical, nonconsensual and violent conduct towards B.E. constituted common law battery.

71. Defendant RCS was made aware of A.W.'s conduct almost immediately, yet failed to take any steps to stop the harassment.

72. Rather than punishing A.W., RCS encouraged A.W.'s conduct by equating his conduct with B.E.'s and failing to punish his gender-based violence on school property.

73. The above subjected B.E. to different terms and conditions of education on the basis of her gender.

74. RCS' conduct was willful and with reckless disregard for B.E.'s rights.

75. Pursuant to the Illinois Civil Rights Remedies Restoration Act, 750 ILCS 60/1 *et seq.*, B.E. is entitled to "make whole" relief under Title IX of the Civil Rights Act of 1964, *et seq.*

76. Defendant A.W. caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

**Count IV: Hate Crime as to all Defendants under 720 ILCS 5/12-7.1(c)**

77. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

78. A.W.'s conduct constituted battery.

79. A.W.'s conduct was racially motivated, as exhibited by his repeated use of racial slurs, including the N-word.

80. Defendant RCS encouraged and/or assisted with the racially motivated violence perpetrated by A.W., violence of A.W., including, but not limited to, by overlooking and failing to address A.W. while it was ongoing.

81. Defendants caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

**Count V: Violation of the Illinois Gender Violence Act as to all Defendants**

82. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

83. B.E. is female.

84. Defendant A.W. is male.

85. Defendant A.W. offensively touched B.E. without her consent when he physically attacked her at school, including but not limited to when: A.W. slapped B.E. while calling her a "bitch" and a "snitch", and then on a separate occasion when he threw a banana at her.. Often while A.W. attacked or harassed B.E at school, he was accompanied by other male students who tried to bully and intimidate B.E. physically and verbally through insults and physical force.

86. Defendant RCS encouraged and/or assisted with the gender based violence of A.W., including, but not limited to, by overlooking prior conduct by A.W. towards female students and his conduct toward B.E.

87. Defendants A.W. and RCS acted willfully and with reckless disregard for B.E.'s rights.

88. The conduct of these Defendants caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

### Count VI: Breach of Contract (State claim) as to Defendant RCS

89. Plaintiffs realleges and reasserts all previously pled paragraphs as if fully stated herein.

90. Plaintiff Ewing contnracted Defendant RCS to provide educational services to B.E.

91. RCS breached the contract when it failed to provide educational services to B.E. in a nondiscriminatory fashion.

92. RCS' breach caused Plaintiffs actual damages.

### Count VII: Breach of Duty of Good Faith and Fair Dealing (State claim) as to Defendant RCS

93. Plaintiffs realleges and reasserts all previously pled paragraphs as if fully stated herein.

94. Defendant RCS breached its duty of good faith and fair dealing, including, but not limited to, when it failed create a safe learning environment for B.E. and when it encouraged and/or assisted A.W.'s harassment and bullying.

95. Defendant's conduct caused Plaintiffs damages, including but not limited to actual damages, physical and emotional harm, fear for B.E.'s safety at school, B.E.'s loss of enjoyment of school and school activities, and reputational harm.

### Count VIII: Common law assault as to Defendant A.W.

96. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

97. Defendant A.W. assaulted B.E. on several occasions as described in this complaint. This includes, but is not limited to, when A.W. called B.E. a "bitch" and a "snitch" while

using physical force against her and encouraging other male students to harass her, and threw a banana at B.E., thereby placing her in imminent fear of bodily harm on more than one occasion.

98. Defendant A.W. caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

### Count IX: Common law battery as to Defendant A.W.

99. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

100. Defendant A.W. committed battery when he offensively touched B.E. without her consent, including but not limited to when A.W. slapped B.E, and on another occasion when he threw a banana at B.E.

101. Defendant A.W. caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

### Count X: Intentional Infliction of Emotional Distress as to Defendant A.W.

102. Plaintiff B.E. realleges and reasserts all previously pled paragraphs as if fully stated herein.

103. Defendant A.W.'s conduct constituted extreme and outrageous behavior, with intentional or reckless disregard for the probability of causing B.E. to suffer severe emotional distress.

104. As a direct result of A.W.'s conduct, B.E. suffered extreme mental and emotional distress, anguish, emotional injuries and economic loss.

105. A.W. committed these acts maliciously and with intentional disregard for B.E.'s rights.

106. Defendant A.W. caused B.E. damages, including but not limited to physical and emotional harm, fear for her safety at school, loss of enjoyment of school and school activities, and reputational harm.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs B.E. through her next friend, her mother Jenna Ewing, and JENNA EWING, pray this Honorable Court enter judgment in her favor and against Defendants A.W., by and through his next friends and parents Zil Huma and John Wisch and ROCKFORD CHRISTIAN SCHOOLS, granting them the following relief:

A. Actual damages;

B. Compensatory damages;

C. Punitive damages;

D. Costs;

E. Attorney's fees;

F. Such other relief as the Court deems just and equitable, or to which Plaintiffs are entitled as a matter of law.

Respectfully submitted,
B.E, a minor, and JENNA EWING
Plaintiffs

_____/s/Christina Abraham_____
By:    Christina Abraham
          Attorney for Plaintiffs

13

January 10, 2024

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150