1328-855
BMS/LLB

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B.E., a minor, and JENNA EWING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-50016 |
| | ) | |
| A.W., a minor, and ROCKFORD | ) | Judge Iain D. Johnston |
| CHRISTIAN SCHOOLS, | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ROCKFORD CHRISTIAN SCHOOLS' RULE 12(B)(6)
## MOTION TO DISMISS COUNTS I – VII AND XI OF PLAINTIFFS' AMENDED COMPLAINT
## AND MEMORANDUM OF LAW

Defendant ROCKFORD CHRISTIAN SCHOOLS (hereafter "RCS"), by and through its

attorneys, HEYL ROYSTER VOELKER AND ALLEN, P.C., moves this Honorable Court to dismiss

counts I – VII and XI of Plaintiffs' Amended Complaint directed against it in accordance with Rule

12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, RCS states as follows:

### BACKROUND

1.      Plaintiffs' lawsuit derives from three alleged incidents that occurred between

September 2022 and January 2023 while Plaintiff B.E. (a minor who identifies as an African-

American female) was enrolled by her mother, Plaintiff Jenna Ewing, as a student at Defendant

RCS. Pl. Am. Compl. ¶¶1, 4. RCS is a private Christian school servicing grades pre-K through 12th

grade. *Id.* at ¶7. Plaintiffs allege that B.E.'s classmate, Defendant A.W. (also a minor), engaged in

race- and gender-based discriminatory acts of bullying against B.E., and further, that RCS

"encouraged" A.W. to continue with this behavior. *Id.* at ¶1.

2.      Specifically, the Amended Complaint alleges that on August 21, 2022, Defendant A.W. used "racial slurs towards and around B.E." while playing a game of football. *Id.* at ¶12. The next day, B.E. states that A.W. ran into her in a school hallway, causing her to fear further harassment or attack. *Id.* at ¶15.

3.      B.E. reported this behavior to school administration and believes that either A.W. was not disciplined by RCS, or, alternatively, the discipline did not deter further behavior. *Id.* at ¶¶15–18.

4.      Following this report, B.E. alleges that A.W. called her a "bitch" and "snitch." *Id.* at ¶20.

5.      On September 5, 2022, the Amended Complaint states that A.W. and B.E. had a physical altercation after A.W. called B.E. a "bitch." *Id.* at ¶26.

6.      Defendant RCS then performed an investigation into the incidents between A.W. and B.E. *Id.* at ¶¶32–36.

7.      On January 17, 2023, A.W. threw a banana at B.E. during lunch, which B.E. interprets as an instance of racial bullying. *Id.* at ¶¶40, 44.

8.      Plaintiffs have now filed their Amended Complaint against RCS and A.W. (as well as his Next Friends). In their Amended Complaint, Plaintiffs direct the following claims against Defendant RCS: Count I (violation of 8 U.S.C. § 1981); Count II (violation of Title VI of the Civil Rights Act); Count III (violation of Title IX of the Civil Rights Act); Count IV (violation of 720 ILCS 5/12-7.1(c)); Count VI (breach of contract); count VII (breach of duty of good faith and fair dealing); and count XI (negligence). Defendant RCS now moves for the dismissal of counts I–VII and XI against it.

9. Of note, Defendant RCS previously filed a motion to dismiss Plaintiffs' original complaint, after which Plaintiffs were given the option to file a response or an amended complaint to address the arguments raised in the Motion. Plaintiffs opted for the latter; however, despite the opportunity to plead additional facts or revise the language against the defendants, Plaintiffs did nothing more than amend paragraph 10 and add a barebones negligence count against RCS. Because Plaintiff did not materially alter the allegations and claims against the defendants, RCS restates the arguments made in its Motion to Dismiss Plaintiffs' original Complaint below.

## LEGAL STANDARD AND CONTROLLING LAW

10. A complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Only well-pled factual allegations are accepted as true; labels, conclusory allegations, and formulaic recitations of the elements of a claim are to be disregarded by the court. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a motion to dismiss pursuant to Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989).

11. To survive a R. 12(b)(6) motion to dismiss, the plaintiff's complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given 'fair notice' of what the 'claim is and the grounds upon which it rests.'" *Bell*, 550 U.S. at 555.

12. Section 1981 "protects the rights of all persons to make and enforce contracts regardless of race. *Shed v. Fraternal Enterprises LP*, 2023 WL 3074876, *4 (N.D. Ill) (citing *Carter v. Chicago State Unv.*, 778 F.3d 651, 657(7th Cir. 2015). "Make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship." *Id.*; *see also* 42 U.S.C. § 1981(b).

13.      To state a claim under Section 1981, a plaintiff must allege that "(1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Id.* Section 1981 can only be violated by "purposeful discrimination." *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

14.      The U.S. Supreme Court sets a "high bar" for plaintiffs seeking to hold schools liable for student-on-student harassment. *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014). "School officials are given broad latitude to resolve peer harassment and are liable only in 'certain limited circumstances.'" *Id.* (quoting *Davis Next Friend of Lashonda D. v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 643 (1999)). Plaintiffs bringing claims of peer-harassment must show (1) that the harassment was discriminatory; (2) the school officials had actual knowledge of the harassment; (3) said harassment was so severe as to deprive the victim of access to educational opportunities; and (4) the school officials were "deliberately indifferent" to the harassment." *Davis*, 526 U.S. at 650. Courts are to resist second-guessing disciplinary decisions made by school administration. *Id.* at 648.

15.      In order to succeed on a claim brought under Title VI of the Civil Rights Act (which prohibits racial discrimination within programs or activities that are federally funded) plaintiffs must allege the following: (1) that they have been intentionally discriminated against on the grounds of race; and (2) the defendants are recipients of federal financial assistance. *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015); 42 U.S.C. § 2000d. Plaintiff's complaint must further allege "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014).

16.     Similarly, a plaintiff must allege the same elements for a claim under Title IX of the Civil Rights Act, substituting discrimination based on sex in lieu of race, color, or national origin. 20 U.S.C. § 1681(a).

## ARGUMENT

I.     **Count I should be dismissed as Plaintiffs have failed to show that Defendant RCS interfered with their rights to contract under Section 1981.**

17.     Count I should be dismissed because both Plaintiffs have failed to plead sufficient facts showing that they have a valid claim under Section 1981.

18.     Specifically, Plaintiff Jenna Ewing fails to state what rights she has under Section 1981 that have been infringed due to her race. The Amended Complaint states that Ewing contracted with Defendant RCS to enroll B.E. as a student in the school. Pl. Am. Compl. ¶51. However, while the Complaint sets out that Plaintiff B.E. is African-American, there are no allegations that *Ewing's* right to contract was violated by RCS due to Ewing's own race, nor are there allegations that Defendant had intention to discriminate against Ewing due to her race. Rather, Plaintiffs' tenuous allegation is that Ewing's rights were violated only due to her association with B.E. *Id.* at ¶53. This is insufficient to maintain a claim under Section 1981. Because Plaintiff Ewing has failed to meet two of the requirements of the statute, her Section 1981 Claim against RCS must be dismissed.

19.     Similarly, Plaintiff B.E.'s Section 1981 claim against Defendant RCS should be dismissed for failure to meet one of that statute's required elements—namely, Plaintiff B.E. is not a party to the contract at issue (concerning enrollment at RCS) and did not have contractual rights allegedly violated by Defendant RCS. Section 1981 offers relief "when racial discrimination . . .

impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). The enrollment contract at issue does not afford B.E., a third party to it, enforceable rights under said contract.

20.     Finally, even assuming this Court finds B.E. to have enforceable contractual rights, Plaintiff B.E. fails to show that Defendant RCS intentionally discriminated against her on the basis of her status as a member of a racial minority. The Amended Complaint argues that Section 1981 was violated because RCS failed to "adequately punish" Defendant A.W. However, Plaintiffs make no mention of what punishment was actually levied against A.W. nor do they explain why this punishment was inadequate. Furthermore, Plaintiffs admit that school administration stated the intent to punish A.W. for racial slurs he allegedly used in August 2022. Pl. Am. Compl. ¶16. Furthermore, the Complaint admits that Ewing was told by RCS administration that the school was investigating the September 2022 physical altercation; Ewing received a letter informing her of the result of the investigation on September 14, 2022. *Id.* at ¶¶32, 35.

21.     Defendant RCS endeavored to correct A.W.'s alleged behavior against B.E. and additionally undertook an investigation into situation after a subsequent physical altercation. Even if Plaintiffs allege dissatisfaction with the degree of corrective action or the outcome of the investigation, this fails to reach the level of "intentional discrimination" required to maintain an action under Section 1981.

22.     Accordingly, Plaintiffs' Section 1981 claims against Defendant RCS must be dismissed.

II.     **Plaintiffs' Title VI and IX claims in Counts II and III respectively must be dismissed as Plaintiffs have failed to adequately plead that Defendant RCS was deliberately indifferent to the alleged harassment by A.W.**

23.     Plaintiffs fail to plead adequate facts to state a claim under Titles VI and IX of the Civil Rights Act; therefore, Counts II and III of the Amended Complaint must be dismissed.

24.     It is well-settled that plaintiffs must show intentional discrimination on the part of the defendant on the grounds of the plaintiff's race or gender to succeed in a claim under Title VI or Title IX respectively. *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015). Here, Plaintiffs are forwarding allegations of deliberate indifference to harassment faced by B.E. Pl. Am. Compl. ¶¶ 60, 74 ("RCS' conduct was willful and with reckless disregard for B.E.'s rights"). "The standard of deliberate indifference sets a high bar for plaintiffs under Title IV and Title IX." *Doe v. Galter*, 768 F.3d 611, 619 (7th Cir. 2014). As previously explained, courts are to avoid questioning school administrators' disciplinary decisions unless their response to the alleged harassment is "clearly unreasonable." *Id.* (quoting *Davis*, 526 U.S. at 648–49. As the Seventh Circuit highlighted, "Judges make poor vice principals . . ." *Id.* (quoting *Estate of Lance v. Lewisville Indep. School Dist.*, 743 F.3d 982, 996 (5th Cir. 2014).

25.     Plaintiffs' Amended Complaint fails to meet this high standard in their allegations of deliberate indifference on the part of RCS. As laid out earlier regarding Plaintiffs' Section 1981 claim, Defendant RCS explored punishments for A.W. following the August 2022 incident and later undertook an investigation into continued complaints of harassment by B.E. Pl. Am. Compl. ¶¶16, 32, 35. Plaintiffs' dissatisfaction with and second-guessing of the punishment/investigation does not create a sufficient claim of deliberate indifference on the part of RCS. Defendant RCS took measures to evaluate B.E.'s claims and determine what if any punishment or rehabilitative work should be given to A.W. If Plaintiffs wish to argue that RCS should have "done more" in response

to the alleged harassment, they would be asking this Court to substitute in a negligence standard in lieu of the deliberate indifference standard that controls these claims under Titles VI and IX. *See Doe*, 768 F.3d at 619.

26.     Because Plaintiffs have failed to adequately allege intentional discrimination via deliberate indifference on the part of Defendant RCS, Counts II and III should be dismissed.

### III.     Plaintiffs' claims of hate crime violations and violations of the Illinois Gender Violence Act are impermissibly vague, do not adequately provide notice to RCS as to the allegations against it, and do not show that RCS was personally involved in any alleged act against B.E.

27.     Plaintiffs allege a violation of the Illinois Hate Crimes Act ("IHCA") by Defendant RCS, stating that RCS of "encouraged and/or assisted with racially motivated violence," specifically battery, perpetrated by Defendant A.W. against B.E. *See* Pl. Am. Compl. Count IV.

28.     To show a violation of the IHCA, a plaintiff needs to allege that the defendant "by reason of the actual or perceived race" of the plaintiff committed at least one of the crimes, including battery, listed in that statute. 720 ILCS 5/12-7.1(a).

29.     By Plaintiffs' own admission, Defendant RCS did not itself commit any of the tortious acts listed in the IHCA statute. Rather, Plaintiffs are apparently arguing that RCS's alleged overlook of A.W.'s battery of B.E. constitute a violation of the statute. Pl. Am. Compl. ¶¶ 78, 80. Put simply, Plaintiffs are not making an allegation of agency liability against RCS via A.W.'s actions; rather, they are seemingly attempting to create an additional cause of action under the statute for something akin to deliberate indifference or failure to intervene.

30.     While Defendants acknowledge there may be criminal offenses that could be found to constitute a hate crime under the IHCA that are not listed in section (a) of said statute, Plaintiffs' Complaint must provide "ample notice" as to what said offense is to adequately state it against

Defendant RCS. *See* <u>Maglaya v. Kumiga</u>, 2015 WL 4624884 at *15 (N.D. Ill. Aug. 3, 2015) (finding that while the IHCA did not include conspiracy to commit a hate crime as a listed offense under which to bring suit, the plaintiff had adequately given notice of his intent to pursue liability under a separate theory of civil conspiracy to defeat a motion to dismiss).

31.     Here, the Amended Complaint does not provide RCS with similar notice as to the *specific* criminal offense related to the IHCA that Plaintiffs are alleging it committed. Because Plaintiffs' Complaint is impermissibly vague and does not provide Defendant RCS with adequate notice of the specific allegations made against it, Count IV must be dismissed. Pl. Am. Compl. ¶¶ 78, 80

32.     Additionally, Plaintiffs bring Count V against all Defendants, alleging a violation of the Illinois Gender Violence Act ("IGVA"). The IGVA creates a cause of action against "a person or persons perpetrating . . . gender-related violence." 740 ILCS 82/10. Perpetrating is defined as "either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." *Id.*

33.     Similar to the claim made under the IHCA, Plaintiffs' allegations against RCS are predicated on the actions of Defendant A.W. Pl. Am. Compl. ¶¶ 85–86. Plaintiffs claim only that RCS "overlook[ed]" A.W.'s conduct toward B.E. and other female students; however, this does not rise to the statutory requirement of "personally committing . . . or personally encouraging/assisting" in an act of gender-related violence." 740 ILCS 82/10. Because Plaintiffs failed to allege that RCS in any way actually committed or encouraged/assisted A.W. in his actions against B.E., Count V must be dismissed.

**IV.** **Counts VI and VII should be dismissed as the allegations against RCS are impermissibly vague and do not give adequate notice as to the allegations against them.**

34.     Next, Plaintiffs bring two additional state law claims against Defendant RCS via theories of breach of contract and breach of duty of good faith and fair dealing (Counts VI and VII respectively). However, Plaintiffs' allegations in these counts are impermissibly vague as they do not adequately advise Defendant RCS of exactly *how* it allegedly breached the contract/duty. Plaintiffs did not attach the contract at issue to the Amended Complaint. Plaintiffs did not restate the terms of the contract that RCS purportedly violated. Plaintiffs state that Ewing contracted with RCS to "provide educational services" to B.E. and that RCS "failed to provide educational services to B.E." and "failed to create a safe learning environment for B.E." Pl. Am. Compl. ¶¶ 90–94. These are broad, ambiguous allegations which, again, do not adequately inform RCS of the terms of the contract at issue that it allegedly breached. Therefore, Plaintiffs' Counts VI and VII must be dismissed.

**V.** **Count XI must be dismissed as Plaintiffs have failed to adequately plead common law negligence against RCS and as the cited statute does not apply to Defendant RCS.**

35.     Count XI brings a claim sounding in negligence under "common law" and the statute codified at 105 ICS 5/27-23.7. Pl. Am. Compl. ¶108. However, neither theory is sufficient to maintain a claim against Defendant RCS.

36.     First, Plaintiffs fail to adequately allege that any duties under common law exist that apply to the facts as set forth in this Complaint. The Amended Complaint merely states that RCS's duties to B.E. arises "under common law" but goes no further in elaborating on what exactly those duties entail. Pl. Am. Compl. ¶108. Indeed, Defendant RCS can find no caselaw explaining the common law duties of a school in regard to the bullying of a student.

37.     Plaintiffs additionally attempt to allege that Defendant RCS was negligent under 105 ILCS 5/27-23.7. However, their reliance on this statute is misplaced, as the Act only applies to non-public, non-sectarian schools. 105 ILCS 5/27-23.7(a) (applying the anti-bullying statute to "school districts, charter schools, and non-public, non-sectarian elementary and secondary schools"). While RCS is non-public, it is sectarian. *See* Rockford Christian Schools, "About Us," https://www.rockfordchristian.org/about-us/ (last accessed May 24, 2024) ("[l]ocated in Rockford, Illinois, Rockford Christian School is a private, nondenominational Christian school . . ."). Thus, 105 ILCS 5/27-23.7 creates no cause of action under which Plaintiffs can bring a claim against Defendant RCS.

38.     Because Plaintiffs have failed to adequately plead a claim for common law negligence and as they cannot bring suit against Defendant RCS under 105 ILCS 5/27-23.7, Count XI must be dismissed.

## **CONCLUSION**

39.     For the foregoing reasons, Counts I – VII and XI of Plaintiffs' Amended Complaint at Law against Defendant ROCKFORD CHRISTIAN SCHOOLS should be dismissed with prejudice.

**ROCKFORD CHRISTIAN SCHOOLS**,
Defendant

BY:    /s/ Brian M. Smith
      HEYL, ROYSTER, VOELKER & ALLEN
      Brian M. Smith ARDC #6293822
      Laura L. Buecker, ARDC# 6326647

Brian M. Smith, Esq.
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
301 N. Neil Street, Suite 505
Champaign, IL 61820
Telephone: 217.344.0060
Primary e-service:  urbecf@heylroyster.com
Secondary e-service #1: bsmith@heylroyster.com
Secondary e-service #3: tparker@heylroyster.com

AND

Laura L. Buecker, Esq.

HEYL, ROYSTER, VOELKER & ALLEN, P.C.

33 N. Dearborn St., 7th Floor

Chicago, IL 60602

Telephone:     312.853.8700

PRIMARY E-service: chiecf@heylroyster.com

Secondary E-service: lbuecker@heylroyster.com

Secondary E-service: sskierkiewicz@heylroyster.com

## CERTIFICATE OF SERVICE

      I certify that on May 28, 2024, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorneys:

| Attorney for Plaintiffs: | Attorneys Defendant A.W., a minor |
|---|---|
| Christina W. Abraham, Esq. | Scott A. Calkins, Esq. |
| Abraham Law & Consulting, LLC | Reno & Zahm LLP |
| 161 N. Clark Street, Suite 4700 | 2902 McFarland Road, Suite 400 |
| Chicago, IL 60601 | Rockford, IL 61107 |
| (773) 931-7251 | (815) 987-4050 |
| christina.w.abraham@gmail.com | sac@renozahm.com |

/s/ Brian M. Smith

Heyl, Royster, Voelker & Allen

44461386.1